UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTEL WARE-MARTIN, and
MARIAN DESSIE LEE MITCHELL-
WARE,

Plaintiffs,

v.                                                    Case No: 8:22-cv-2487-KKM-JSS

SHIRLEY BRYANT-GROOVER,
MARK BARNEBEY, AL WASHINGTON,
SR., CALEB GRIMES, ANGELINA
COLONNESO, RAS LAW FIRM, DIANE
MOORELAND, and RYAN LAROWE,

Defendants.
_____

## ORDER

Plaintiffs Christel Ware-Martin and Marian Dessie Lee Mitchell-Ware sued several defendants, (Doc. 1), but the Court dismissed their original complaint as a shotgun pleading. (Doc. 4.) The Court granted the Plaintiffs leave to amend their complaint no later than January 17, 2023, (*id.*), but the Plaintiffs failed to timely amend, and the Court dismissed this action without prejudice on January 18, 2023. (Doc. 6.) On January 20,

2023, the Plaintiffs submitted an amended complaint and moved for reconsideration of the Court's order dismissing this action.

The Plaintiffs claim that their amended complaint was not timely filed because of mail delays due to Martin Luther King Jr. Day on January 16, 2023. (Doc. 9.) But the Plaintiffs' amended complaint was delayed due to a more fundamental problem: they sent it to the wrong address. (*See* Doc. 8-2.) Although the amended complaint was shipped on January 17, 2023, the Plaintiffs sent the amended complaint to the U.S. Attorney's Office for the Middle District of Florida, not this Court. (*Id.*) The U.S. Attorney's Office received the amended complaint on January 18, 2023, (*id.*), and this Court received it on January 20, 2023. (Doc. 8.)

Rule 60(b)(1) authorizes the Court to "relieve a party . . . from a final judgment" if the party demonstrates "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). But the Plaintiffs' mistake is not reasonable or excusable, even for a pro se party. First, the Plaintiffs were required to file the amended complaint on January 17, 2023—not mail it on that date. Rule 6 provides no additional three-day allowance for mailing when the Court specifies a date certain. Perhaps that mistake might qualify for relief under Rule 60(b) for a pro se party, but the Plaintiffs' error in sending the amended

complaint to the U.S. Attorney's Office is not reasonable. The federal government is not even a party to this action. Thus, the motion for reconsideration, (Doc. 9), is meritless.

Additionally, even if the motion for reconsideration were granted, the Court would still dismiss the amended complaint, (Doc. 8), because it remains a shotgun pleading. The amended complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" fails to separate "into a different count each cause of action or claim for relief;" and asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach County Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015).

The amended complaint names three defendants—the City of Palmetto, the City of Bradenton, and the State of Florida—and alleges that the Court has federal question jurisdiction. (Doc. 8 at 1–3.) It then lists the basis of federal question jurisdiction as "Section 242 of Title 18 -federal civil rights under color of law; 18 U.S.C. § 371 – fraud, conspiracy; RICO Act of 1970 – wire and mail fraud across state lines; Fraud Upon the Court; q1; M – due to illegal lockdowns at Lincoln memorial Academy to prevent student from exercising 1st Amendment Freedom of Speech; Title 18, U.S.C., Section 241 – Conspiracy Against Rights; Title 18, U.S.C., Section 245 – Federally Protected Activities; and Federal Defamation." (Doc. 8 at 3.) But after providing this list of references, the

Plaintiffs never discuss these statutes and never describe facts that state a claim for relief. In the Part III of the amended complaint, under a header titled "Statement of Claim," the Plaintiffs merely state "See Attached," apparently in reference to a 207-page exhibit. (*See id.* at 4; Doc. 8-1.) The 207-page exhibit includes what appear to be deeds, certificates of death, a will, and an array of other documents that do not obviously connect to the statutes cited as the basis for federal question jurisdiction. (Doc. 8-1.) Because the Plaintiffs' amended complaint is a shotgun pleading, even if the Court granted the motion for reconsideration, the action would again be dismissed.

Lastly, it bears note that the prior dismissal was without prejudice. (Doc. 6.) Thus, although the Court denies the motion for reconsideration, the Plaintiffs may refile a new action if they so choose.

Accordingly, the Plaintiffs' motion for reconsideration, (Doc. 9), is **DENIED**.

**ORDERED** in Tampa, Florida, on January 27, 2023.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge